AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>MAHKYA SEARLES<br><br>Defendant. | )<br>)<br>) Case No.  03:19-MJ-174        [TWD]<br>)<br>)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of from in or about 2018 through on or about, March 20, 2019 in the county of Tioga in the Northern District of New York and elsewhere the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 2252A(a)(2)(A) | RECEIPT OF CHILD PORNOGRAPHY |
| 18 USC Section 2252A(a)(5)(B) | POSSESSION OF CHILD PORNOGRAPHY |

This criminal complaint is based on these facts:
**[SEE ATTACHED AFFIDAVIT]**

☒  Continued on the attached sheet.

Attested to by the Applicant in Accordance with the Requirements of Rule 4.1 of the Federal Rules of Criminal Procedure.

*Complainant's signature*
FBI Special Agent James J. Markovich
*Printed name and title*

Date:   March 21, 2019

*Judge's signature*

City and State:   Syracuse, New York

Hon. Thèrèse Wiley Dancks, U.S. Magistrate Judge
*Printed name and title*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, James J. Markovich, having been first duly sworn, do hereby depose and state as follows:

1. I have been employed as a Special Agent of the FBI since October 2003 and am currently assigned to the Albany Division, Ithaca (NY) Resident Agency. While employed by the FBI, I have investigated federal criminal violations related to cyber crimes and crimes against children. I am currently investigating federal violations concerning child pornography and the sexual exploitation of children. I have gained experience regarding such crimes through training in seminars, classes, and everyday work related to conducting these types of investigations.

2. I am an investigative or law enforcement officer of the United States within the meaning of Title 18 United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1). As an FBI Special Agent, I am authorized to seek and execute federal arrest and search warrants for Title 18 criminal offenses, including offenses related to the sexual exploitation of minors, specifically those involving the possession, distribution of child pornography in violation of Title 18, United States Code, Section 2252A.

3. I make this affidavit in support of a criminal complaint charging MAHKYA SEARLES with knowingly receiving and possessing child pornography, in violation of Title 18 United States Code, Sections 2252A(a)(2)(A) and (a)(5)(B).

4. The statements contained in this affidavit are based upon my investigation, information provided by other law enforcement officers, and on my experience and training as a Special Agent of the FBI. As this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included each and every fact known to me

1

concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that MAYKYA SEARLES has violated Title 18, United States Code 2252A(a)(2)(A) and (a)(5)(B).

### Details of the Investigation

5.    On March 10, 2019, Officers from the Athens Township (PA) Police Department (ATPD) responded to a complaint from The Cellular Connection, located in Sayre, Pennsylvania, regarding a customer having child pornography on their cellular smartphone. After arriving, the officers interviewed an employee of The Cellular Connection (EMPLOYEE 1) regarding the complaint. EMPLOYEE 1 informed the officers that earlier in the same day, MAHKYA SEARLES had been in the store and purchased a new Samsung cellular smartphone. SEARLES had also brought with him an Apple iPhone. As part of the sales transaction and set-up, EMPLOYEE 1 began to transfer the data from SEARLES's Apple iPhone onto his new Samsung cellular smartphone. While transferring the data, EMPLOYEE 1 discovered a large collection of what he/she described as child pornography. With the assistance of EMPLOYEE 1, the officers were able to determine that SEARLES resides in Waverly, New York. As a result, the case was referred to the Tioga County (NY) Sheriff's Office (TCSO).

6.    On March 11, 2019, Investigator Timothy Schmidt (TCSO) interviewed EMPLOYEE 1 to obtain further details about the transaction with SEARLES. In sum and substance, EMPLOYEE 1 told Investigator Schmidt that SEARLES entered The Cellular Connection retail store on March 10, 2019. SEARLES brought with him an Apple iPhone 5 that was associated with a pre-paid service provider. SEARLES agreed to purchase a Verizon Wireless unlimited data plan along with a new Samsung Galaxy J7 cellular smartphone. As part of the purchase agreement, EMPLOYEE 1 transferred SEARLES's existing telephone number, (570) 886-[XXXX], from his Apple iPhone 5 to his new Samsung Galaxy J7. EMPLOYEE 1 also set-

2

up several features on SEARLES's new Samsung Galaxy J7. Specifically, EMPLOYEE 1 set-up SEARLES's Google Account on his new Samsung Galaxy J7. In order to complete the set-up, SEARLES assisted EMPLOYEE 1 by entering his Google Gmail address "mahky[xx]@gmail.com" and his password into his new Samsung Galaxy J7. SEARLES then gave his new Samsung Galaxy J7 back to EMPLOYEE 1 in order to finish the setup of the above Google Account (hereinafter Subject Google Account). EMPLOYEE 1 then began to verify that the Subject Google Account had imported all of the data from the Subject Google Account's cloud storage onto his new Samsung Galaxy J7. EMPLOYEE 1 accessed the Google Photos feature within the Subject Google Account and viewed approximately 100 to 150 images of minors ranging in age from approximately one (1) to six (6) years old. The images depicted the minors in various stages of nudity. The images were mostly of minor males, some with partial erections, and some minor females in the "spread eagle" position. EMPLOYEE 1 stated that there were more images within Google Photos feature that he/she did not view. EMPLOYEE 1 also observed similar images stored directly on SEARLES's Apple iPhone 5. Those images were also transferred over to SEARLES's new Samsung J7. EMPLOYEE 1 decided to take SEARLES's new Samsung J7 into the back room of the store in order to show another employee (EMPLOYEE 2) some of the images so that a second person could confirm their existence. After EMPLOYEE 1 was done setting up SEARLES's new Samsung J7 and the sales transaction was complete, SEARLES exited the store with his new Samsung J7 and his Apple iPhone 5. EMPLOYEE 1 then called the ATPD to report the incident.

7. On March 18, 2019, a search warrant was issued by this Court which authorized the search of SEARLES, his residence, and any computers, mobile electronic devices and any other electronic or digital media located during the course of said searches.

8. On March 20, 2019, FBI agents and TCSO officers executed the warrant.

SEARLES was located at his place of employment and agreed to accompany your Affiant and Investigator Schmidt to be interviewed. SEARLES was advised of his *Miranda* rights and waived his rights. SEARLES voluntarily agreed to be interviewed by your Affiant and Investigator Schmidt.

9. SEARLES's Samsung J7 cellular smartphone was seized from his person, and his Apple iPhone 5 was seized from a location where he had been living. Both smartphones and/or their components were manufactured outside the State of New York.

10. During his interview with your Affiant and Investigator Schmidt, SEARLES admitted to a curiosity about children to include prepubescent children and, particularly, prepubescent males. SEARLES also admitted that he began viewing nude images of children over five years ago. He admitted that he has been struggling with viewing images of children for several years and has wanted to get help, but has not.

11. Your Affiant reviewed a forensic preview of SEARLES's Samsung J7, which showed multiple images of minors, including many images of young minor males who were nude or in various stages of undress with their genitals exposed. SEARLES's Apple iPhone 5 was also previewed, on consent, and was found to contain several images of child pornography. The following is a description of two of those images, which are available for the Court's review upon request:

   a)   Description of Image 1: The image depicts a fully nude minor male with an erect penis positioned near the buttocks of an unknown individual (only a portion of the unknown individual's lower body is in the frame of the image.) There appears to be ejaculate on the unknown individual's back.

   b)   Description of Image 2: The image depicts a fully nude minor male performing oral sex on an unknown male individual (only a portion of the unknown individual's upper body

4

is visible in the image due to the positioning of the minor's body.)

12.     SEARLES was shown several of the images of child pornography which were located on his Apple iPhone 5 including the aforementioned images. SEARLES acknowledged that he recognized those images as images he had downloaded from the Internet using his Apple iPhone 5. SEARLES admitted that he located the images on the Internet through Google and "saved" them on his Apple iPhone 5 within the Photo Gallery.

13.     SEARLES also admitted to your affiant and Investigator Schmidt that, in addition to receiving and possessing child pornography, he previously had sexual contact on one occasion with a five-year old prepubescent minor male by placing his mouth on the penis of the minor.

## Conclusion

14.     Based upon the above information, there is probable cause to establish that MAHKYA SEARLES has violated Title 18, United States Code, Sections 2252A(a)(2)(A) and (a)(5)(B) which prohibits knowingly receiving child pornography using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, and knowingly possessing child pornography that has been transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer,  and request that a criminal complaint be issued pursuant to these violations of federal law.

Attested to by the Applicant in Accordance with the Requirements of Rule 4.1 of the Federal Rules of Criminal Procedure.

*[signature]*
James J. Markovich
Special Agent
Federal Bureau of Investigation

Sworn to me this 21st day of March 2019.

*[signature]*
Hon. Hon. Thérèse Wiley Dancks
United States Magistrate Judge